IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARLOS MOORE,**                                                                                    **PLAINTIFF**

**V.**                                                                                   **NO. 3:07CV06-M-D**

**VALERIE JOHNSON,**                                                                                  **DEFENDANT**

## OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains that he contracted a sexually transmitted disease from the Defendant, who is an "employee" of the Holly Springs, Mississippi Police Department. Plaintiff contends that he and Defendant had an "ongoing and lasting affair," which implies that the sexual relationship was consensual. Plaintiff further admits that this complaint "does not involve MDOC personnel nor staff." Plaintiff argues that Defendant's actions have violated his Constitutional rights, though he has failed to identify a particular right upon which Defendant has trampled.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In

the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. According to his own candid admission there is no State action involved in this case. Also, it appears as though the relationship between the Plaintiff and Defendant was consensual and occurred outside of the penal system. If Plaintiff has stated a claim at all, it would be based purely on state law. Consequently, Plaintiff's complaint is dismissed for failing to state a claim upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Moore is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 5th day of February, 2007.

    /s/ Michael P. Mills
    **UNITED STATES DISTRICT JUDGE**